NO. 07-04-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2004

_____

WILLIAM JAMES PEDDICORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,916-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

William James Peddicord (appellant) appeals his conviction for possession of a controlled substance, enhanced. Pursuant to a plea of guilty, but without benefit of an agreed recommendation from the State as to punishment, the trial court found that the evidence substantiated a finding of guilty. However, the trial court deferred entry of such a finding but rather placed appellant on community supervision for a period of ten years. Subsequently, the State moved to adjudicate appellant's guilt, and a hearing was held on the motion. Appellant pled true to all allegations contained in the motion, though there was again no agreed recommendation as to punishment with the State. Thereafter, the trial

court found appellant guilty and assessed punishment at 45 years in prison. Appellant appealed.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief wherein she certified that, after diligently searching the record, she concluded that the appeal was without merit. Along with her brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated June 29, 2004, this court also notified appellant of his right to tender his own brief or response and set July 26, 2004, as the deadline to do so. On July 21, appellant filed a motion to extend the time to file a brief which motion was granted and the deadline extended to August 25, 2004. To date, appellant filed neither a response, brief or another request for an extension.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed five potential areas for appeal. They involved 1) the voluntariness of appellant's plea, 2) whether appellant received a separate punishment hearing, 3) whether appellant was informed of the correct range of punishment, 4) the court's jurisdiction, and 5) whether appellant's prior juvenile adjudication was properly alleged in the indictment as an enhancement. However, appellate counsel then satisfactorily explained why each argument lacked merit.

We have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 ( Tex. Crim. App. 1991). Our own review not only

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967).

confirmed the accuracy of appellate counsel's representations but also failed to reveal any error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Per Curiam

Do not publish.